Johnson C. J., delivered the opinion of the court. The plaintiff insists that the circuit court erred in sustaining the defendant’s demurrer to his declaration. At common law ail executor was permitted to commence actions in right of the testator, as for trespass committed or goods taken or on a contract made in the testator’s life time, although he could not declare before probate, since, in order to assert such claims in a court of justice, he must produce the copy of the will, certified under the seal of the ordinary, or, as it is sometimes styled,’ the letters testamentary, but when produced they shall have relation to the time pf suing out the writ. The reason why probate was necessary before the plaintiff declared, is that he was required to' make proferí of his letters in his declaration. The statute of this State, in requiring the declaration to be filed in the office of the clerk before the issuance of the writ, necessarily requires that the will should be admitted to probate before the institution of the suit. - In the case of Hynds’ ex’r vs. Imboden, 5 Ark. R. 387, the court say that “ in the case under consideration the declaration contains a proferí in general lerms of letters testamentary, granted the plaintiff as executor of the last will and testament of John Hynds, deceased, which however defective it may have been on account of the omission to show when, or by what authority, the letters were granted, the defect in this respect is shown by grant of'oye'r of the letters, a certified transcript whereof was thereupon made parcel of the record by a literal copy thereof being inserted in the defendant’s pleading; whereby, according to the well established rule in such case, the law regards it as constituting a part of the previous pleading of the plaintiff, and therefore the letters so shown upon oyer must now receive precisely the same consideration which they would have received if they had been literally copied into and made to form a part of the plaintiff’s declaration; and thus the question of their validity is distinctly presented by the demurrer to the declaration'.’*’ It is contended by the plainfiff that the principle asserted in that decision is conclusive upon the point, and that consequently rió doubt can now exist ás to the insufficiency of the declaration. We do not understand the court in that cáse as asserting the necessity of alleging in the' declaration that the will' had been proven, arid also of showing by what authority it had been admitted to probate, but rather as suggesting a doubt of the necessity of such an allegation. We. could not, under our impressions of the law, think of giving sanction to the doctrine contended for by the defendant without a direct and unequivocal adjudication, and that too where the question had been necessarily involved.— The proferí, as made in this case, we conceive to be in strict accordance with the law and supported by the best and most approved precedents. If the defendant desired to question the' validity of the probate or the regularity o'f the grant of letters,' hé should have craved oyer and made them a part of the record. If he had craved Oyer and had them spread upon the record he could legitimately h’ave'questioned their validity; but having failed tó'do this, he will not now -be permitted to controvert the right of the plaintiff to prosecute the suit. We are therefore, of opinion, that the circuit court erred in sustaining the defendant’s demurrer, and that there*' fore the' judgment ought to be reversed.- Judgment reversed.